UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MARCUS EMANUEL JACKSON** | **CASE NO. 6:24-CV-00360** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **MORTGAGE RESEARCH CENTER L L C ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

### REPORT AND RECOMMENDATION

Before this Court is a MOTION TO DISMISS filed by defendant Mortgage Research Center, LLC d/b/a Veterans United Home Loans ("MRC") (Rec. Doc. 29), a MOTION TO DISMISS UNDER RULE 12(B)(5) filed by defendant Planet Home Lending, LLC ("Planet Home") (Rec. Docs. 34), a MOTION TO DISMISS UNDER RULE 12(B)(6) filed by Planet Home (Rec. Doc. 35), and a MOTION FOR RESTRAINING AND OR PROTECTION ORDER (Rec. Doc. 7) and a MOTION FOR SUMMARY JUDGMENT (Rec. Doc. 19) filed by Plaintiff Marcus Emanuel Jackson. Plaintiff filed oppositions to MRC's motion (Rec. Doc. 33) and Planet Home's motions (Rec. Doc. 38). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, this Court recommends that all claims against MRC be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1). Alternatively, this Court further recommends that Planet Home's MOTION TO DISMISS UNDER RULE 12(B)(5) (Rec. Doc. 34) be GRANTED and, accordingly, all claims by Plaintiff against Planet Home be DISMISSED without prejudice pursuant to Rule 12(b)(5). Alternatively, it is further recommended that the motions to dismiss brought pursuant to Rule 12(b)(6) by MRC and Planet Home (Rec. Docs. 29, 35) be GRANTED and, accordingly, that all claims against MRC and Planet Home be DISMISSED with prejudice. It is additionally recommended that

Plaintiff's MOTION FOR RESTRAINING AND OR PROTECTION ORDER (Rec. Doc. 7) and MOTION FOR SUMMARY JUDGMENT (Rec. Doc. 19) be DENIED as MOOT.

### **Factual Background**

Plaintiff, acting *pro se*, filed the instant suit against MRC and Planet Home on March 11, 2024 asserting ten causes of action against named defendants and additional unnamed defendants[1] "claiming any legal or equitable right, title, estate, lien interest in the property described in the Complaint adverse Plaintiff's title, or any cloud on Plaintiff's title thereto[.]" (Rec. Doc. 1 at p. 1).  Plaintiff brings claims for lack of standing to foreclose, fraud in the concealment, fraud in the inducement, intentional infliction of emotional distress, slander of title, quiet title, declaratory relief, violation of the Truth in Lending Act ("TILA"), violation of the Fair Debt Collection Practices Act ("FDCPA"), violation of the Real Estate Settlement Procedures Act ("RESPA"), and rescission.

Plaintiff alleges his home mortgage loan was sold by MRC, the original lender, to Planet Home.  (*Id.* at pp. 3–4).  Plaintiff claims that since December 4, 2023, he has been unable to "determine the truth about the authenticity of the home loan." (*Id.* at p. 3).  Plaintiff alleges MRC and Planet Home "cannot show proper receipt, possession, transfer, negotiations, assignment and ownership of the borrower's Original Promissory Note and Mortgage, resulting in imperfect security interest and claims."  (*Id.* at p. 4).

MRC seeks dismissal of all claims against it pursuant to Rule 12 (b)(6).  Planet Home seeks dismissal of all claims against it based on Plaintiff's failure to properly effect service of process upon it as required by Rule 4 and, additionally, based upon failure to state a claim

---

[1]    Referred to in Plaintiff's Complaint as "Does 1–100[.]"  (Rec. Doc. 1 at p. 1).

pursuant to Rule 12(b)(6). These motions have been fully briefed and are properly before this Court.

## Applicable Standards

Federal Rule of Civil Procedure 12(b)(1) requires dismissal without prejudice of all claims over which a district court lacks subject matter jurisdiction. *Cox, Cox, Filo, Camel & Wilson, LLC v. Sasol N.A., Inc.*, 544 F. App'x 455 (5th Cir. 2013). Lack of standing by a party seeking to assert a claim deprives a district court of its Article III jurisdiction over cases and controversies. *Whitmore v. Arkansas*, 495 U.S. 149, 154–55 (1990). A district court may raise jurisdictional issues, including standing, *sua sponte* and is bound to assure itself of its jurisdiction before proceeding upon the merits. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 547 (1986) (as a jurisdictional requirement, standing is properly raised by the court even where no party suggests the issue).

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of process. The party making service has the burden of demonstrating its validity when an objection to service is made." *Holly v. Metro. Transit Auth.*, 213 F. App'x 343 (5th Cir. 2007) (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)).

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004). When reviewing a motion to dismiss, a district court may also consider "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atl. v. Twombly*, 127 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for

4

the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atl. v. Twombly*, 127 U.S. at 556). *See also In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

## Analysis

At the outset, the undersigned observes that Plaintiff's Complaint references a 2023 mortgage and promissory note, neither of which are attached thereto. (Rec. Doc. 1, generally). MRC's Rule 12(b)(6) motion properly attaches copies of these instruments for the Court's review, as they are central to Plaintiff's claims. *Sligh v. City of Conroe, Tex.*, 87 F.4th 290, 297 (5th Cir. 2023) (internal citations omitted).

Review of MRC's motion and attached exhibits reveals a fuller picture of the nature of Plaintiff's suit than can be gleaned from the Complaint alone. Plaintiff is the mortgagor as to real property located at 209 Gaynor Drive in Scott, Louisiana. (Rec. Doc 30-2 at p. 3). MRC served as the original mortgage lender for Plaintiff's November 15, 2023 purchase of this property. (*Id.* at p. 2). In conjunction with this transaction, Plaintiff signed a Promissory Note ("Note") on the same date, memorializing the loan made by MRC to Plaintiff in the amount of $221,490.00 at an annual interest rate of 7.625%. (Rec. Doc. 30-1 at p. 1). Under the Note, Plaintiff promised to make payments in the amount of $1,567.69 on the first day of each month, commencing on January 1, 2024. (*Id.*). A copy of Plaintiff's mortgage was duly recorded as Instrument No. 2023-00037329 in Lafayette Parish, Louisiana. (Rec. Doc. 30-2 at p. 1). Effective January 1, 2024, Plaintiff's mortgage was sold to and began being serviced

by Planet Home. Notice of the sale to Planet Home was provided to Plaintiff in writing on or about December 6, 2023. (Rec. Doc. 30-3).

Plaintiff filed suit against MRC and Planet Home on March 11, 2024 using a *pro se* complaint copied from other similar suits against mortgage lenders and servicers across the country premised on the "split the note" theory. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013). Plaintiff, like other plaintiffs in such suits, alleges that the pooling of his mortgage with other similar instruments for sale to another entity, sometimes referred to as "securitization," improperly "split" the mortgage from the Note and resulted in the invalidation of the Note, rendering Plaintiff the unencumbered owner of the subject property. Plaintiff does not allege that Planet Home or any other entity has instituted foreclosure proceedings against him, but the aim of his suit is clearly to escape monthly mortgage payments under the Note and prevent foreclosure proceedings based on his failure to make such payments.

### *Plaintiff's Lack of Standing*

Federal courts are courts of limited jurisdiction, possessing only that authority granted to them by the Constitution and statutes. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136–7 (1992)); *Bender v. Williamsport Area School Dist.*, 475 US. 534, 541 (1986)). The Constitution limits federal jurisdiction to "Cases" and "Controversies." U.S. CONST. art. III, § 1. In order for a claim to fulfill the Art. III case or controversy requirement, the party asserting the claim must possess standing to bring it before the court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A plaintiff demonstrates standing when: (1) he has suffered a concrete and particularized injury; (2) such injury is caused by the challenged action of the defendant; and (3) such injury will be redressed by a favorable decision of the court. *Reule v. Jackson*, 114

F.4th 360, 366–67 (5th Cir. 2024) (citing *Bennett v. Spear*, 520 U.S. 154, 167 (1997)). The party invoking federal jurisdiction bears the burden of proving standing as to each claim asserted. *Reule*, 114 F.4th at 367 (citing *Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017)).

The foundation of Plaintiff's suit is the allegation that MRC's assignment of the Note in this case was invalid. It is well established within the Fifth Circuit that a "a borrower, 'who is not a party to, or an intended third-party beneficiary of, an agreement that purports to transfer the mortgagor's note and/or mortgage to another party, does not have standing to bring suit'…to contest the validity of the assignment at issue." *Berry v. LoanCity*, 2019 WL 2870849 at *4 (M.D. La. July 3, 2019) (quoting *Farkas v. GMAC Mortgage, LLC*, 737 F.3d 338, 342 (5th Cir. 2013)). As a non-party borrower, Plaintiff lacks standing to contest the validity of the sale of the Note by MRC to Planet Home. For this reason, the undersigned recommends the dismissal of all claims against MRC and Planet Home based on the invalidity of the transfer of the subject Mortgage without prejudice pursuant to Rule 12(b)(1). Out of an abundance of caution, all other bases for dismissal asserted by defendants are addressed below.

### *Failure to Effect Service as to Planet Home*

Planet Home moves for dismissal of all claims against it pursuant to Rule 12(b)(5) based on Plaintiff's failure to effect service as required under Rule 4. As explained in this Court's May 15, 2024 Order and affirmed in Planet Home's motion, Planet Home is a foreign limited liability corporation licensed to do business in Louisiana. (Rec. Docs. 8, 34-1). The record reflects that Plaintiff has attempted service upon Planet Home on four separate occasions. (Rec. Docs. 2, 11, 18, 23). Despite this Court's Order outlining the requirements of service under Rule 4, Plaintiff failed to effect proper service upon Planet Home, instead

7

attempting service via certified mail and by personal service upon persons not designated as agents for such service. (Rec. Doc. 34-1 at pp. 2-3).

Rule 4(m) provides that

> if a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"When service of process is challenged, the serving party bears the burden of proving…good cause for failure to timely effect service." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (quoting *Systems Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990)). *Pro se* status does not, on its own, excuse failure to effect service as required under Rule 4. *Systems Signs Supplies*, 903 F.2d at 1013 (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)). Although a defendant's actual notice of a *pro se* plaintiff's suit, coupled with attempts at service, may constitute an adequate basis for leniency regarding defective service, a district court's dismissal of such suit pursuant to Rule 12(b)(5) does not constitute an abuse of discretion, particularly where a *pro se* plaintiff is provided ample notice of the defect and ample opportunity to cure. *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 345 (5th Cir. 2007) (citing *Rochon v. Dawson*, 828 F.2d 1107, 1109–10 (5th Cir. 1987)); *Systems Signs Supplies*, 903 F.2d at 1013-14; *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1307 (5th Cir. 1985). Absent evidence of "delay or contumacious conduct" by the serving party, any such dismissal should be without prejudice. *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981).

Where a dismissal without prejudice will act as a bar to any effort by the plaintiff to future litigation of the subject claims, dismissal is considered under a heightened standard. Courts contemplating dismissal under such circumstances consider whether: (1) the delay in

effecting service was caused by the plaintiff himself and not his attorney; (2) the delay in effecting service resulted in actual prejudice to the defendant; or (3) the delay in effecting service was caused by intentional conduct. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325-26 (5th Cir. 2008).

Plaintiff filed suit in this Court on March 11, 2024. (Rec. Doc. 1). Summonses were issued as to MRC and Planet Home on March 18, 2024. (Rec. Doc. 2). Plaintiff's initial attempt at service on both defendants was defective. (Rec. Doc. 5). By Order of May 15, 2024, this Court advised Plaintiff of the nature of the defect in his attempted service as to both defendants and of the specific requirements of Rule 4. (Rec. Doc. 8). Having filed suit on March 11, Plaintiff was required to effect service upon MRC and Planet Home on or before July 17, 2024 under Rule 4(m). By Order dated July 12, 2024, this Court acknowledged Plaintiff's proper service upon MRC and noted that Plaintiff had yet to effect proper service on Planet Home and again advised Plaintiff of his obligation to properly serve Planet Home on or before July 17, 2024. (Rec. Doc. 20). Plaintiff's final attempt at service upon Planet Home occurred on July 1, 2024. (Rec. Doc. 23). The return of service filed in the record discloses that service was actually made upon the "front desk/receptionist" rather than upon any registered agent. (*Id.* at p. 2). As of the date of this Report and Recommendation, Plaintiff has made no further attempts at service on Planet Home. Additionally, Plaintiff has made no showing of good cause for his failure to effect proper service upon Planet Home.

This Court believes, based on Plaintiff's failed attempts at service, that Planet Home did receive actual notice of Plaintiff's suit within the 120-day delay under Rule 4(m). In this case, however, Plaintiff's receipt of specific instructions on how to serve Planet Home and his failure to adhere to those instructions does not warrant leniency. To the extent that dismissal of Plaintiff's suit pursuant to Rule 12(b)(5) will bar refiling of these claims by operation of prescription under applicable law, the undersigned observes that Plaintiff is solely

9

responsible for his failure to effect proper service in this case, such that the sanction of dismissal remains appropriate. *Millan, supra.*

Should the Court find that the facts of this case warrant leniency regarding Plaintiff's defective service upon Planet Home and to the extent that Plaintiff's claims against defendants are not otherwise dismissed pursuant to Rule 12(b)(1) for lack of standing, it is further recommended that all claims against MRC and Planet Home be dismissed for failure to state a claim as to which relief might be granted pursuant to Rule 12(b)(6), as further explained below.

### *Lack of Standing to Foreclose*

Louisiana law recognizes a claim for wrongful foreclosure of property, which arises at the moment of seizure. *Berry v. Wells Fargo Bank, N.A.*, 2022 WL 728969 at *5, n. 12 (5th Cir. 2022). Plaintiff does not allege that foreclosure proceedings have been instituted against him by any party and, thus, does not allege seizure of the subject property. The record establishes that MRC transferred its rights in the subject Mortgage and Note to Planet Home on or about January 1, 2024. (Rec. Doc. 30 at pp. 8–9). Moreover, Planet Home's November 20, 2024 brief asserts that it has not instituted foreclosure proceedings against the subject property as of that date. (Rec. Doc. 41). To the extent that Plaintiff seeks to prevent the future institution of foreclosure proceedings in state court, such claim is barred by the Anti-Injunction Act, 28 U.S.C. § 2283. *Phillips v. Charles Schreiner Bank*, 894 F.2d 127 (5th Cir. 1990). Additionally, to the extent that Plaintiff seeks to attack foreclosure proceedings that may have already resulted in a judgment of foreclosure in favor of Planet Home, such claim is barred by application of the *Rooker-Feldman* doctrine. *Berry v. Wells Fargo Bank, N.A.*, 2022 WL 728969 at *3 (M.D. La. Mar. 10, 2022) (*Rooker-Feldman* doctrine bars federal district courts from modifying or reversing a state court judgment) (citing *Union Planters Bank Nat'l Ass'n v. Salih*, 369, F.3d 457, 462 (5th Cir. 2004)).

*Fraudulent Concealment*

Plaintiff's Complaint appears to address his claim for fraudulent concealment in Paragraphs 37–39, although it fails to specify what information was fraudulently withheld by any defendant. (Rec. Doc. 1 at p. 7). Under Louisiana law, claims of fraudulent concealment require proof of: (1) an omission, (2) of a material fact, (3) made with the intent to defraud, (4) on which plaintiff relied, and (5) which proximately cause plaintiff's injury. LA. CIV. CODE ANN. art. 1953; *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1977) (citing *Cyrak v. Lemon*, 919 F.2d 320 (5th Cir. 1990)). Rule 9(b) requires that claims of fraud be pled with particularity, alleging the "time, place, and contents of" the fraudulent omission, "as well as the identity of the person" making the omission "and what he obtained thereby." *Tel-Phonic Servs., Inc. v. TBS Int'l., Inc.*, 975 F.2d 1134, 1138 (5th Cir. 1992).

To the extent that Plaintiff alleges that any party failed to advise that the Note might be sold or transferred to another entity, such claim fails based on the clear language of the Note itself, which states, "I understand that the Lender may transfer this Note." (Rec. Doc. 30-1 at p. 1). Thus, insofar as Plaintiff alleges he was not duly informed of the possibility of transfer of the Note, Plaintiff's claim is without merit. Similarly, Plaintiff's claim that defendants violated TILA, 15 U.S.C. §§ 1601, *et seq.*, by failing

> to inform home buyers of the pros and cons of adjustable rate mortgages in a language (both written and spoken) that they can understand and comprehend; and advise them to compare similar loan products with other lenders…[and to] offer other loan products that might be more advantageous for the borrower under the same qualifying matrix

is rendered inapplicable by the express language of the Note, which sets a fixed annual interest rate on the home loan at issue at 7.625% and does not include any adjustable interest rate as asserted in the Complaint. (Rec. Doc. 1 at ¶ 89; Rec. Doc. 35-2 at p. 2). Further, Plaintiff alleges no specific facts that would support claims for failure to make required

disclosures under TILA, such as what information was omitted or who failed to make such required disclosures. As observed in MRC's brief in support of its motion, Plaintiff's Complaint contains the same language featured in *Warren v. Hancock Mortgage Corp.*, in which this Court dismissed identical TILA claims based on a lack of supportive factual allegations. 2016 WL 6689092 (W.D. La. Oct. 6, 2016), *adopted by*, 2016 WL 6684611 (W.D. La. Nov. 14, 2016). As discussed in *Warren*, the Complaint fails to allege essential facts in support of a TILA claim.

Plaintiff's ninth cause of action alleges a violation of RESPA, 1 U.S.C. §§ 2601, *et seq*. Again, Plaintiff's Complaint is an identical copy of the complaint in *Warren*. The undersigned concurs with the analysis in that case, such that the Complaint fails to identify any facts which would support a claim for the charging of improper fees or the failure of any party to disclose relevant information prior to the execution of the Mortgage and Note. Such purported claims are, therefore, insufficient as a matter of law.

*Fraudulent Inducement*

Plaintiff's Complaint addresses his claims for fraudulent inducement at Paragraphs 40–49. (Rec. Doc. 1 at pp. 7–8). Plaintiff alleges "Defendants…intentionally misrepresented to Plaintiff those Defendants were entitled to exercise the power of sale provision contained in the Deed of Trust" and that "Defendants misrepresented that they are the "holder and owner" of the Note and beneficiary of the Deed of Trust." (*Id.* at ¶¶ 41–42). Plaintiff further alleges that these misrepresentations were made "with the purpose of initiating the securitization process…in order to profit from the sale of the Property by selling the note to sponsors who then pool the note and sell it to investors and other investment banks." (*Id.* at ¶ 45).

To the extent that Plaintiff's fraudulent inducement claim is addressed to MRC, MRC's motion amply demonstrates that MRC was empowered to sell or assign the Note.

12

(Rec. Doc. 30-2 at ¶ 20). That the sale of Plaintiff's Note was transacted in a group of other such instruments does not violate the express terms of the Note. As observed by MRC, Plaintiff's suit is a nearly identical copy of similar suits filed across the country by mortgagors seeking to invalidate mortgage obligations. *See, e.g.*, *Montgomery v. Wells Fargo Bank, NA*, 459 F. App'x 424 (5th Cir. 2012); *Melanowski v. Wells Fargo Bank NA Trustee Option One Mortgage Corp. Trust 2005-1 Asset-Backed-Certificates, Series 2005-1*, 654 F. Supp. 3d 25 (D. Mass. 2023). Courts across the nation—and within the Fifth Circuit—routinely reject suits premised on the argument that the securitization of a note renders it unenforceable and discharges the borrower's obligation thereunder. *Berry*, *supra*, at *5 (collecting cases).

Additionally, this Court also agrees that Plaintiff is not permitted to state fraud claims broadly against all defendants. *In re Franklin Bank Corp. Securities Litig.*, 782 F. Supp. 2d 364, 382 (S.D. Tex. 2011). As noted above, Rule 9(b) requires specificity in pleading fraud. Plaintiff's Complaint fails to identify the party who fraudulently induced Plaintiff to enter into a contract, and by what misrepresentation he was so induced. Accordingly, Plaintiff's fraudulent inducement allegations fail to state a claim as to which relief may be granted and fail to meet the pleading standards applicable to fraud claims under the Federal Rules of Civil Procedure.

*Slander of Title*

Plaintiff's Complaint alleges that defendants engaged in slander of his title to real property by "preparing, posting, publishing, and recording of various documents for a possible foreclosure." (Rec. Doc. 1 at ¶ 62). Under Louisiana law, a plaintiff alleging slander of title must show that a notice of *lis pendens* was filed as against plaintiff's property with malice and without probable cause. *Dane v. Doucet Bros. Const. Co., Inc.*, 396 So. 2d 418 (La. App. 4 Cir. 1981). As MRC no longer has any interest in Plaintiff's property, this Court surmises that such claim could only be made as against Planet Home. As explained above, Plaintiff

13

fails to show that any party has filed a notice of *lis pendens* or has otherwise instituted foreclosure proceedings.

***Quiet Title***

Plaintiff's Complaint includes a claim for quiet title at Paragraphs 69–76. (Rec. Doc. 1 at pp. 11–13). It appears that part of Paragraph 74 and all of Paragraph 75 were omitted from the Complaint. (*See*, *Id.* at p. 12). Louisiana law recognizes such a cause of action where a plaintiff: (1) claims ownership of property; (2) demonstrates the existence of clouds to his title; (3) includes a description of the property; and (4) prays for cancellation of such clouds to title. *Berry*, 2023 WL 5230826 at *22 (citing *Harrison v. Alombro*, 341 So. 2d 1165 (La. App. 1 Cir. 1976)). All four elements of the claim must be present. *Id.* (citing *Spencer v. James*, 955 So. 2d 1287, 1293 (La. App. 2 Cir. 2007).

To the extent that Plaintiff urges the Court to consider his claims of improper securitization, note "splitting" or lack of standing to foreclose as "clouds" on his title, these theories have been roundly rejected as bases for quiet title actions in Louisiana. *See, e.g., Jonalkar v. Wells Fargo Mortg., Inc.*, 2012 WL 5364246 at * 2 (M.D. La. Oct. 31, 2012). Plaintiff's allegations are insufficient to sustain a quiet title claim as a matter of law.

***Rescission of Loan***

Plaintiff's Complaint seeks rescission of the home loan memorialized in the Mortgage and Note under TILA. (Rec. Doc. 1 at ¶¶ 101–104).[2] This claim rests upon Plaintiff's previously discussed allegations of inadequate disclosures under TILA. Having already determined that Plaintiff fails to state a claim for violation of TILA, such allegations do not form the basis for further relief. Moreover, although not specifically cited by Plaintiff, TILA's

---

[2] Paragraphs 99 and 100 are omitted from Plaintiff's Complaint. (*See*, Rec. Doc. 1 at pp. 15–16).

14

right of rescission, codified at 15 U.S.C. § 1635, does not pertain to residential mortgages. 15 U.S.C. § 1635(e) (the right of rescission "does not apply to…a residential mortgage transaction as defined in section [1602(x)]" which defines "residential mortgage transactions" as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling."). Accordingly, even if Plaintiff's underlying allegations of failure of disclosures were sufficient, the remedy of rescission under TILA would not apply in this case.

### *Intentional Infliction of Emotional Distress*

Under Louisiana law, a claim for intentional infliction of emotional distress requires that plaintiff show: (1) extreme and outrageous conduct by the defendant; (2) that such conduct caused plaintiff severe emotional distress; and (3) that the defendant knew plaintiff's severe emotional distress would or would be substantially certain to result from defendant's extreme and outrageous conduct. *White v. Monsanto Co.*, 585 So. 2d 1205, 1209 (La. 1991). Given the foregoing analysis of Plaintiff's claims, this Court identifies no surviving allegation which, if proven, would present a basis for an intentional infliction of emotional distress claim under Louisiana law.

### *Plaintiff's Motions*

Prior to the filing of any responsive pleadings by MRC or Planet Home, Plaintiff filed a MOTION FOR RESTRAINING AND OR PROTECTIVE ORDER (Rec. Doc. 7) and a MOTION FOR SUMMARY JUDGMENT (Rec. Doc. 19). Plaintiff's first motion is, in actuality, a request for discovery of certain telephone records from Planet Home, bank records from M&T Bank and PenFed Credit Union. Read generously, this motion also seeks preliminary injunctive relief barring Planet Home from exercising its right of foreclosure based on Plaintiff's failure to make mortgage payments. (Rec. Doc. 7 at pp. 2–3). Based on this Court's preceding

recommendations of dismissal as to all claims for various reasons, it is further recommended that Plaintiff's MOTION FOR RESTRAINING ORDER AND OR PROTECTIVE ORDER (Rec. Doc. 7) be denied as moot.  Similarly, Plaintiff's second motion, the MOTION FOR SUMMARY JUDGMENT (Rec. Doc. 19), is properly viewed as a request for admissions and for the production of certain documents.  The undersigned further recommends that this motion be denied as moot based on the recommended dismissal of Plaintiff's claims against MRC and Planet Home.

Finally, this Court notes that Plaintiff has not requested leave to amend his Complaint in this matter.  Although leave to amend should be freely granted, this Court does not recommend that Plaintiff be granted an opportunity to amend based on the futility of any such amendment, given the foregoing analysis.  *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000) (where an amendment would fail to state a claim upon which relief might be granted, denial of leave to amend is within the district court's discretion) (internal citations omitted).

## Conclusion

For the reasons discussed herein, this Court recommends that all claims by Plaintiff Marcus Emanuel Jackson against defendants Mortgage Research Center, LLC d/b/a Veterans United Home Loans and Planet Home Lending, LLC be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) based on Plaintiff's lack of standing to assert such claims.  Alternatively, this Court recommends that Planet Home's MOTION TO DISMISS UNDER RULE 12(B)(5) (Rec. Doc. 34) be GRANTED and, accordingly, that all claims by Plaintiff against Planet Home be DISMISSED without prejudice pursuant to Federal Rules of Civil Procedure 12(b)(5) based on Plaintiff's failure to effect proper service against Planet Home under Federal Rule of Civil Procedure 4. Alternatively, it is further recommended that the MOTION TO DISMISS pursuant to Rule 12(b)(6) filed by MRC (Rec. Doc. 29) and the MOTION TO DISMISS UNDER RULE 12(B)(6) filed by Planet Home (Rec. Doc. 35) be

GRANTED in full and, accordingly, all claims by Plaintiff against defendants Mortgage Research Center, LLC d/b/a Veterans United Home Loans, LLC and Planet Home Lending, LLC be DISMISSED with prejudice. It is additionally recommended that Plaintiff's MOTION FOR RESTRAINING AND OR PROTECTION ORDER (Rec. Doc. 7) and MOTION FOR SUMMARY JUDGMENT (Rec. Doc. 19) be DENIED as MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

**THUS DONE** in Chambers, Lafayette, Louisiana on this 28th day of January, 2025.

_____
David J. Ayo
United States Magistrate Judge